# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> LEONARD ALLEN WEIMER, <br><br> Defendant. | No. CR21-4058-LTS <br><br> **ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S GUILTY PLEA** |

## I.  BACKGROUND

On September 22, 2021, a four-count superseding indictment was filed against defendant.  On January 6, 2022, defendant appeared before the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge, and entered a plea of guilty to Count 1 of the superseding indictment.  On January 7, 2022, Judge Mahoney filed a Report and Recommendation (R&R) in which she recommended that defendant's guilty plea be accepted.  Doc. 58.  No objections to the R&R were filed.  I therefore undertake the necessary review of Judge Mahoney's recommendation to accept defendant's plea in this case.

## II.  APPLICABLE STANDARDS

A district judge must review a magistrate judge's R&R in a criminal case under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also

receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. DISCUSSION

Because neither party objects to the R&R, I have reviewed it for clear error. Based on that review, I am not "left with the definite and firm conviction that a mistake has been committed." *Anderson*, 470 U.S. at 573-74. As such, I hereby **accept** the R&R

without modification and **accept** defendant's plea of guilty in this case as to Count 1 of the superseding indictment.[1]

    **IT IS SO ORDERED.**

    **DATED** this 24th day of January, 2022.

                                                       _____
                                                        Leonard T. Strand, Chief Judge

---

[1] *United States v. Cortez-Hernandez*, 673 F. App'x 587 (8th Cir. 2016) (per curiam), suggests that a defendant may have the right to de novo review of a magistrate judge's recommendation to accept a plea of guilty even if no objection is filed. *But see* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). I will undertake a de novo review of the R&R if a written request for such review is filed within seven (7) days after this order is filed.